**FUJISAWA PHARMACEUTICAL CO., LTD. and Fujisawa USA, Inc., Plaintiffs,**

v.

**John N. KAPOOR, Defendant.**

No. 92 C 5508.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 29, 1996.

Chaim T. Kiffel, Robert J. Kopecky, Kirkland & Ellis, Chicago, IL, Jonathan Zavin, Kenneth I. Schacter, and Ted Poretz, Richards & O'Neil, New York City, for plaintiffs.

George Carter Lombardi, Dan K. Webb, W. Gordon Dobie, Hurd Baruch, Michael Joseph Stepek, Hal B. Merck, Jennifer Jane Demmon, Winston & Strawn, Chicago, IL, Kathleen L. Leyden, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, and James N.O. Czaban, Bass & Ullman, P.C., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Fujisawa filed suit in 1992 alleging that Kapoor violated Rule 10b–5. In November of 1992, Kapoor filed a motion to dismiss Fujisawa's 10b–5 claim, arguing that Fujisawa could not allege a claim for control person liability without alleging a primary violation by Lyphomed. Fujisawa contended in its response brief that "[n]owhere in the complaint do plaintiffs claim that Kapoor is liable for Lyphomed's conduct solely by virtue of his being a controlling person." Fujisawa's 10b–5 claim survived the motion to dismiss and discovery began. During the three year discovery period, Fujisawa amended its complaint twice but did not seek to add a Section 20(a) claim either time. Four months after the discovery period had closed, Fujisawa filed this motion for leave to amend its complaint in order to assert the very claim it had earlier disavowed.

I may properly deny leave to amend a complaint when there is "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Here, Fujisawa offers no excuse for its delay in seeking this amendment even though the potential for control person liability was clearly known to Fujisawa when it responded to Kapoor's motion to dismiss in 1992. The fact that Fujisawa offers no excuse for its delay in adding this claim weighs against allowing the amendment. *See McCann v. Frank B. Hall & Co.*, 109 F.R.D. 363, 365–66 (N.D.Ill.1986) (Nordberg, J.) (denying leave to amend, in part, because plaintiff's only excuse for its late amendment was a new state trial court decision).

Fujisawa correctly notes "that delay, even if unexplained, is not a sufficient reason to deny a motion to amend." *Id.* at 366. Here, however, Kapoor claims that he would suffer undue prejudice if I allow this amendment because it would require substantial new discovery and may delay the trial. Fujisawa insists that Kapoor has already con-

ducted discovery about his control over Lyphomed by asking employees question about whether Kapoor induced their fraudulent activity. Kapoor conducted this discovery, though, with an eye toward whether Kapoor *induced* employees to commit fraud. That question is fundamentally different from the question of whether Kapoor "possessed the power or ability to control [the fraudulent activity], whether or not that power was exercised." *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 881 (7th Cir.1992), *cert. denied*, 509 U.S. 904, 113 S.Ct. 2994, 125 L.Ed.2d 688 (1993). By adding the Section 20(a) claim, Fujisawa seeks to hold Kapoor liable for *any* fraud committed by Lyphomed's employees, even if Kapoor had no hand in that fraud. The scope of this claim is much broader than the alleged violation by Kapoor himself, the claim on which the parties have been focusing during their discovery. *See McCann, supra,* 109 F.R.D. at 368 (finding undue prejudice would result if the plaintiff added a theory of liability because "[t]he parties pursue discovery consistent with their respective theories of the case, *as they are framed in the pleadings.* If the pleadings change, the theory of the case also changes, and the parties' approach to discovery can shift dramatically.") (emphasis in original).

Fujisawa argues that because its complaint alleged that Kapoor was a control person of Lyphomed, Kapoor had notice of this claim. Fujisawa's renunciation of control person liability in its response to the motion to dismiss, however, let Kapoor off the hook for control person liability. Thereafter, he need not have conducted discovery on this issue, despite the allegation in the complaint. Fujisawa also contends that Kapoor responded to the control person liability claim in his affirmative defenses. I have read the paragraphs cited by Fujisawa and do not interpret them to establish Kapoor's acknowledgment that he should conduct discovery on a control person liability claim. Because I find that Fujisawa's unexplained delay in seeking this amendment will require new discovery and may delay the trial, I will not allow it.

I also deny Fujisawa's request to add a Section 20(a) claim to its complaint, because such an amendment would be futile. Although the language of Section 20(a) does not explicitly preclude its application to a face-to-face transaction, I find it inapplicable to this case. Congress added § 20(a) "to remedy the very specific problems inherent in prosecuting insider trading cases." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 703 (2d Cir.1994). It "has no relationship to any of the many other types of claims that can be maintained under [§ 10(b)]." *Ceres Partners v. GEL Assocs.*, 918 F.2d 349, 363 (2d Cir.1990). *Cf. T. Rowe Price New Horizons Fund, Inc. v. Preletz*, 749 F.Supp. 705, 709–10 (D.Md.1990) (rejecting plaintiff's claim under § 20(a) as an alternative theory of liability to Rule 10b–5). Accordingly, Fujisawa's request for leave to amend is denied.